UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PATTY S. YOCHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12-CV-0284-CVE-PJC |
| | ) |
| STANLEY GLANZ, TULSA COUNTY | ) |
| BOARD OF COUNTY | ) |
| COMMISSIONERS, and TULSA COUNTY | ) |
| SHERIFF'S DEPARTMENT, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Now before the Court is the Motion and Brief to Dismiss by Defendant Board of County Commissioners of Tulsa County (Dkt. # 6). Defendant Board of County Commissioners of Tulsa County (the Board) argues that the Court does not have jurisdiction over plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1) because plaintiff failed to exhaust her administrative remedies before asserting a claim under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (ADA) and because plaintiff has failed to state a claim on which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has not responded to the motion and her time to do so has passed. In the Joint Status Report submitted by the parties, plaintiff states that she "does not object to the dismissal of claims against [the Board] only." Dkt. # 11 at 2. Because plaintiff has not exhausted her administrative remedies against the Board, the Court need not address the Board's argument that plaintiff has failed to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

# I.

Plaintiff Patty S. Yocham was employed by the Tulsa County Sheriff's Office (TCSO) as a detention officer from December 1, 2006, until her termination on May 19, 2009. Plaintiff alleges that, on March 4, 2007, she suffered an on-the-job injury. She alleges that she was diagnosed with cervical strain, thigh/hip strain, thoracic strain, and contusion of the elbow. Plaintiff alleges that she was released to return to work on March 12, 2007, with restrictions on her physical activity. She returned to work on light duty on April 20, 2007. Plaintiff alleges that she required two surgeries on her back as a result of her injury, one on July 20, 2007, and one on August 11, 2008. Plaintiff returned to work "off and on" with restrictions after each surgery. Dkt. # 2 at 7. She took Family and Medical Leave Act (FMLA) leave on August 12, 2008. On February 20, 2009, TCSO advised plaintiff that she had used all of her available FMLA leave as of November 8, 2008. Yocham returned to work at TCSO on March 19, 2009, with permanent restrictions on her physical activity. As an additional term of her release, plaintiff alleges that she was to have no contact with any inmates. This restriction was stated in the fax cover sheet of her release to work.

When plaintiff returned to work, her days off had been changed and she had been moved from weekday shifts to evening shifts. Plaintiff alleges that TCSO never made any effort to assign her to a position in which she would have no contact with inmates. On April 1, 2009, plaintiff wrote to TCSO's Human Resource Manager, stating that because she was still in contact with inmates in her position at the front desk, and because this was against her physician's orders, she was unable to return to work. Plaintiff stated that she would return to work when a suitable position was provided. Plaintiff received a letter dated May 19, 2009, advising her of her discharge effective that date.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on March 29, 2010. Dkt. # 6-1 at 3. The EEOC charge identified only the "Tulsa County Sheriff's Dept." as plaintiff's employer. Id. Plaintiff alleged claims of discrimination based on her disability and claimed that her employer had retaliated against her for complaining of discriminatory conduct. Plaintiff subsequently received a received a Right to Sue Letter from the EEOC.

Plaintiff initially filed suit in Tulsa County District Court on October 29, 2010, and that action was dismissed without prejudice on October 26, 2011. Plaintiff filed the instant petition in Tulsa County District Court on April 25, 2012. The petition alleges failure to accommodate, retaliation, and disability discrimination in violation of the ADA. The petition also alleges a state claim of wrongful termination against TCSO.[1] Defendants removed the case to federal court on the basis of federal question jurisdiction. Dkt. # 2.

## II.

The exhaustion of administrative remedies is a jurisdictional prerequisite under the ADA, and the Board's motion is treated as a 12(b)(1) motion. See Shikles v. Sprint/United Management Co., 426 F.3d 1304, 1317 (10th Cir. 2005); Woodman v. Runyon, 132 F.3d 1330, 1342 (10th Cir. 1997). When considering a motion to dismiss under Rule 12(b)(1), a court must determine whether the defendant is facially attacking the complaint or challenging the jurisdictional facts alleged by plaintiff. In Holt v. United States, 46 F.3d 1000 (10th Cir. 1995), the Tenth Circuit stated:

---

[1] The petition alleges "violations of 85 O.S. §§ 5 and 6." Dkt. # 2 at 10. However, OKLA. STAT. tit. 85, §§ 5 and 6 have been repealed and replaced by OKLA. STAT. tit. 85, § 341. Because the petition does not allege state claims against the Board, this discrepancy is not material to the instant motion.

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true. Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. . . . In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

Id. at 1002-03. The Board relies on evidence outside the pleadings, specifically the EEOC charge, and the Court will construe the motion as a factual attack on the jurisdictional facts alleged by plaintiff. When ruling on a factual attack to the complaint, a court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts" without converting the motion into a motion for summary judgment. Stuart v. Colorado Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001) (internal quotations omitted); see also Davis v. United States, 343 F.3d 1282, 1295-96 (10th Cir. 2003). To defeat a defendant's Rule 12(b)(1) motion, a "plaintiff must present affidavits or other evidence sufficient to establish the court's subject matter jurisdiction by a preponderance of the evidence." Southway v. Central Bank of Nigeria, 328 F.3d 1267, 1274 (10th Cir. 2003).

**III.**

The Board argues that, because plaintiff did not name it as her employer in her EEOC charge, she has not exhausted her administrative remedies as to the Board. To proceed against a party on an ADA claim, the plaintiff must name the defendant as her employer in an EEOC charge. Knowlton v. Teltrust Phones, Inc., 189 F.3d 1177, 1185 (10th Cir. 1999). The Tenth Circuit has recognized two narrow exceptions to this rule in situations when "the defendant was informally referred to in the body of the charge or where there is sufficient identity of interest between the

4

respondent and the defendant to satisfy the intention of [the ADA] that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation." Romero v. Union Pac. R.R., 615 F.2d 1303 (10th Cir. 1980). In Romero, the Tenth Circuit stated four factors that should be considered when a plaintiff attempts to bring an employment discrimination claim against a defendant not named in the plaintiff's EEOC charge:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

Id. at 1312 (internal quotations omitted).

When considering whether a plaintiff's EEOC charge adequately names a party, a court must keep in mind that "complaints to the EEOC must be liberally construed in order to accomplish the purposes of the [ADA], since such complaints are written by laymen not versed either in the technicalities of pleading or jurisdictional requirements of the [ADA]." Gonzalez–Aller Balseyro v. GTE Lenkurt, Inc., 702 F.2d 857, 860 (10th Cir. 1983). However, the burden is on plaintiff to show that she exhausted her administrative remedies. McBride v. CITGO Petroleum Corp., 281 F.3d 1099, 1106 (10th Cir. 2002); see also Karnes v. Boeing Co., 335 F.3d 1189, 1193 (10th Cir. 2003).

The Court has reviewed plaintiff's EEOC charge and finds that it does not name the Board as plaintiff's employer. Further, the Board is not referred to informally by plaintiff in the charge. There are no facts in the record that would support a finding pursuant to the factors set forth in

Romero that there is a sufficient identity of interest between the Board and the TCSO such that the Board did not need to be named in the EEOC charge. Finally, plaintiff has stated that she does not object to the dismissal of her claims against the Board.

**IT IS THEREFORE ORDERED** that the Motion and Brief to Dismiss by Defendant Board of County Commissioners of Tulsa County (Dkt. # 6) is **granted**. The Tulsa County Board of County Commissioners is dismissed as a party to this action.

**DATED** this 5th day of July, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE